# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRETT LOUVIERE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-6419** |
| **CAREWELL HOSPITALITY, LLC** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant Carewell Hospitality, LLC's ("Carewell's") **Motion to Vacate Default Entry or Alternatively, Motion to Dismiss Complaint** (Rec. Doc. 9) is **GRANTED**, and the entry of default is vacated.

On July 2, 2018, plaintiff Brett Louviere filed suit against Carewell. As of that date, Carewell's registered agent for service of process was Chintu Patel. However, on September 14, 2018 Chintu Patel died. On September 24, 2018, Chintu Patel's wife, Pinku Patel, filed a Notice of Change with Secretary of State listing herself as the registered agent for Carewell. On October 30, 2018, nearly four months after filing suit, Louviere's attorney gave the summons and complaint to a process server, requesting service on Chintu Patel. At that point in time, public records had reflected for over a month that Pinku Patel was Carewell's registered agent.

Process agent Callahan Wigley attempted to serve the late Chintu Patel on November 5, 2018, but was told by an employee of Carewell that "Chintu Patel passed away." After learning of Chintu Patel's death, Louviere's attorney instructed Wigley to make another attempt to serve Chintu Patel on November 8, 2018, which was also unsuccessful. On November 12, 2018, another process server, Timothy Couch, delivered the service pleadings to a man named "Hadi,"

who Couch believed to be an employee of Carewell. Carewell has provided the affidavit of Pinku Patel, averring that Carewell has never had an employee named Hadi.

On April 14, 2019, Louviere moved for default against Carewell, representing that Carewell had been served on November 12, 2018 by personal service upon an employee of suitable age and discretion at its usual place of business, and that Carewell had not filed a responsive pleading or otherwise defended the suit. On May 9, 2019, the clerk entered a default as to Carewell, and on May 20, 2019, Carewell filed the instant motion to vacate the default entry or alternatively, to dismiss the complaint.

Carewell has now moved the court to vacate the entry of default, arguing that Louviere cannot meet his burden of showing that he validly served Carewell under Federal Rule of Civil Procedure 4(h)(1).

## APPLICABLE LAW

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." <u>Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.</u>, 903 F.2d 1011, 1013 (5th Cir. 1990).

Rule 4(h) of the Federal Rules of Civil Procedure governs services on a corporate entity:

(h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

    (1) in a judicial district of the United States:

        (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Federal Rule of Civil Procedure 4(e)(1) provides:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

Under Louisiana state law, "Service of citation or other process on a domestic or foreign limited liability company is made by personal service on any one of its agents for service of process." La. Code Civ. Pro. art. 1266(A). However,

> [i]f the limited liability company has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:
>
> (1) Personal service on any manager if the management of the limited liability company is vested in one or more managers or if management is not so vested in managers, then on any member.
>
> (2) Personal service on any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted.
>
> (3) Service of process under the provisions of R.S. 13:3204, if the limited liability company is subject to the provisions of R.S. 13:3201.

La. Code Civ. Proc. art. 1266(B).

Thus, under applicable law, Louviere was required to serve Carewell according to the applicable state service rule, or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Louviere contends that he effected service under the applicable state rule. That rule provides that "[s]ervice of citation or other process on a domestic or foreign limited liability company is made by personal service on any one of its agents for service of process."

At the time of each attempted service on Carewell, Pinku Patel was Carewell's registered agent. Louviere never attempted service on Pinku Patel. Accordingly, he failed to conform with the plain language of the relevant rule. His argument that by serving a man named Hadi at Carewell's business address he accomplished "[p]ersonal service on any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted," is inapplicable, because (setting aside the fact that Carewell contends it has never had an employee named Hadi) that option is available only when the "company has failed to designate an agent for service of process, [or] if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent." La. Code Civ. Proc. art. 1266(B). None of these exceptions are present in this case. Accordingly, Louviere did not effect valid service on Carewell, and the court finds that Carewell's motion to vacate the default should be granted.

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the

complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Carewell has represented to the court that it had previously agreed to accept service of process on behalf of Carewell if plaintiff set aside the May 9, 2019 Default Entry. Accordingly, Louviere has seven (7) days from the entry of this Order and Reasons to serve Carewell. If Louviere does not do so, this matter will be dismissed without prejudice pursuant to Rule 4(m). Therefore,

**IT IS HEREBY ORDERED** that defendant Carewell Hospitality, LLC's **Motion to Vacate Default Entry** (Rec. Doc. 9) is **GRANTED**, and the entry of default is vacated;

**IT IS FURTHER ORDERED** that plaintiff shall effect service on Carewell within **seven (7) days** of entry of this order.

New Orleans, Louisiana, this 13th day of June, 2019.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**