# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRETT LOUVIERE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-6419** |
| **CAREWELL HOSPITALITY, LLC** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Summary Judgment** filed by defendant Carewell Hospitality, LLC ("Carewell") (Rec. Doc. 21) is **GRANTED**, and this matter is **DISMISSED**.

## BACKGROUND

Plaintiff was employed by Carewell beginning on or about November 1, 2000. Carewell is the owner of property which includes a motel formerly known as Red Carpet Inn, and an RV Park known as Mardi Gras RV Park. In 2007, plaintiff notified his employer and former owner of Carewell, Chintu "Mike" Patel, that plaintiff was HIV positive. Plaintiff alleges that Patel discriminated against him by not allowing him to miss work for doctors' appointments and that Patel terminated him on February 17, 2016 believing plaintiff had abandoned his job.

On or about July 27, 2016, plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination by defendant due to his HIV status. On October 11, 2016, plaintiff filed a Charge of Discrimination with the EEOC alleging defendant's conduct violated the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq. ("ADA"). Defendant responded to the EEOC claim asserting, among other things, that defendant was not covered

under the ADA because it employed only six individuals at all relevant times. On October 23, 2017, the EEOC mailed a Notice of Rights letter to plaintiff at the address on his charge of discrimination, informing him that his case was closed because they were unable to determine whether a violation of law occurred, and stating that plaintiff had 90 days within which to file suit. However, this letter was returned to the EEOC on November 7, 2017 as undeliverable, apparently due to plaintiff having moved without notifying the EEOC. On November 7, 2017, the EEOC attempted to call plaintiff, but his phone was not in service.

Chintu Patel passed away in September of 2018 and his widow, Pinku Patel, is currently the sole owner of Carewell. On July 2, 2018, plaintiff filed the instant suit alleging that Carewell violated the ADA and the Louisiana Employment Discrimination law, La.R.S. 23:301 et seq. ("LEDL").

Carewell has now moved for summary judgment, arguing that this matter should be dismissed because it has less than 15 employees, and thus is not a covered employer under the ADA. Defendant further argues that the ADA claim is time-barred because it was filed 92 days after plaintiff's presumed receipt of the Notice of Rights letter, and plaintiff's LEDL claim is prescribed because it was not brought within one year, or at the latest 18 months, of plaintiff's alleged termination.[1]

Plaintiff opposes, arguing that material fact issues exist as to whether Carewell is actually an integrated enterprise comprised of several superficially distinct entities, namely Carewell

---

[1] LEDL claims are subject to a one-year prescriptive period; however, that period may be suspended up to a maximum of six months during the pendency of an EECO investigation. La. R.S. 23:303(D).

Hospitality, LLC, Hospitality International, and Mardi Gras Motor Home Park, Inc. (d/b/a Mardi Grass RV Park), which may have the requisite number of employees. Plaintiff alternatively argues that he should be given time to conduct additional discovery on the issue of the number of employees of Carewell. Plaintiff also contends that his suit was filed within 90 days of receipt of the Notice of Rights letter, and, while he acknowledges his LEDL claims are brought beyond the prescriptive period, he contends that the claim should go forward anyway to avoid inconsistent results due to different state and federal prescriptive periods.

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute ... [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party ... [and a] fact ... [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986)).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue

3

for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**DISCUSSION**

The ADA prohibits discriminatory conduct by a "covered entity." 42 U.S.C. § 12112(a). A "covered entity" is an employer, employment agency, labor organization, or joint labor-management committee." An "employer" is "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of the 20 or more calendar weeks in the current or preceding calendar year….." 42 U.S.C. § 12111(5)(A). Thus, employers with fewer than fifteen employees are specifically excluded from ADA coverage. See Flynn v. Distinctive Home Care, Inc., 812 F.3d 422, 426 (5th Cir. 2016). The employee-numerosity requirement is a substantive element of a plaintiff's claim for relief under the ADA. See Minard v. ITC Deltacom Commc'ns, Inc., 447 F.3d 352, 357 (5th Cir. 2006).[2]

However, separate business entities can be treated as a single employer for purposes of anti-discrimination suits when there is an "(1) interrelation of operations, (2) centralized control

---

[2] Minard addressed the employee-numerosity requirement of the Family and Medical Leave Act, finding that it was a substantive element of the claim and noting the Supreme Court's approval of appellate decisions concluding the same with respect to the ADA. 447 F.3d 352, 357.

4

of labor relations, (3) common management, and (4) common ownership or financial control."
Trevino v. Celanese Corp., 701 F.2d 397, 404 (5th Cir.1983) (citations omitted).³ "Courts applying this four-part standard in Title VII and related cases have focused on the second factor: centralized control of labor relations." Id. at 404 (5th Cir. 1983) (citations omitted). The ultimate question courts must ask in resolving this issue is: "What entity made the final decisions regarding employment matters related to the person claiming discrimination?" Id. (internal quotations and citation omitted).

Carewell has supplied the affidavit of Pinku Patel, attesting that Carewell Hospitality, Inc. never had more than eight employees during the relevant time period, and never more than five employees who worked more than 20 weeks a year. In support of this, Carewell has provided its payroll records from 2005 through 2016, which support this averment.

Carewell has also submitted affidavits and responses to interrogatories reflecting that it purchased the property upon which its business is situated in 2005. At that time, the motel was operated under the trade name "Red Carpet Inn" under a franchise agreement with Hospitality International.⁴ The RV park has always been operated under the trade name Mardi Gras RV Park, and since Carewell's purchase, both the motel and RV park have always been maintained

---

³ While Trevino addressed a Title VII claim, "courts that have addressed claims brought under the [ADA] have looked to Title VII . . . to provide guidance as to the elements that constitute a prima facie case of disability discrimination." Munoz v. H & M Wholesale, Inc., 926 F. Supp. 596, 604 (S.D. Tex. 1996); see generally Flowers v. S. Reg'l Physician Servs., Inc., 247 F.3d 229, 234 (5th Cir. 2001) ("Not only are Title VII and the ADA similar in their language, they are also alike in their purposes and remedial structures.").

⁴ The franchise agreement was canceled in 2018 and the motel now is now called NOLA Inn & Suites.

5

and operated by Carewell and no other entity. After Mardi Gras Motor Home Park, Inc. sold the property to Carewell in 2005, it has not filed an annual report, and it was dissolved by affidavit in 2008. A gas station also located on the property has been continuously leased since 2007, and Carewell does not maintain or operate the gas station. This evidence submitted in support of Carewell's motion for summary judgment establishes that Carewell is a stand alone entity, not an integrated enterprise, and has had less than 15 employees during the relevant time period. Accordingly, Carewell has pointed to the failure of plaintiff to establish an element of its claim.

The burden thus shifts to plaintiff to establish that there remains a genuine issue for trial with respect to this element. However, plaintiff has come forward with only conclusory allegations that Carewell, Hospitality International, and Mardi Gras Motor Home Park, Inc. are three distinct entities that operated in conjunction to manage the Carewell property. The record evidence reflects that Mardi Gras Motor Home Park was absorbed by Carewell when it purchased the property, and Carewell does not deny that it has always managed the property. The evidence also demonstrates that Hospitality International was a franchisor from whom Carewell purchased the right to use the trade name "Red Carpet Inn," but that Carewell, not Hospitality International, managed the motel. In summary, the answer to the question, "What entity made the final decisions regarding employment matters related to the person claiming discrimination?" is Carewell, and only Carewell, an entity with fewer than 15 employees. It is thus not covered under the ADA.

As for plaintiff's request for additional discovery, subsequent to the filing of the motion, Carewell responded to plaintiff's second discovery request, and nothing therein alters the

previously adduced facts.

Further, the court notes that plaintiff does not dispute that the instant suit was filed beyond the deadline for filing a claim pursuant to the LEDL. Accordingly, plaintiff's LEDL claim is dismissed as prescribed.

## CONCLUSION

**IT IS HEREBY ORDERED** that the **Motion for Summary Judgment** filed by defendant Carewell Hospitality, LLC ("Carewell") (Rec. Doc. 21) is **GRANTED**, and plaintiff's ADA claims are **DISMISSED** because the defendant is not a covered entity under the ADA, and plaintiff's LEDL claims are **DISMISSED** as prescribed.

New Orleans, Louisiana, this __2nd__ day of December, 2019.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**