# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRETT LOUVIERE | CIVIL ACTION |
| VERSUS | NO: 18–6419 |
| CAREWELL HOSPITALITY, LLC | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion for New Trial/Reconsideration** (Rec. Doc. 29) is **DENIED**.

## BACKGROUND

The underlying facts of this case were set forth at length in the court's prior order, and thus are not restated here. See Rec. Doc. 28. In that order, entered on December 2, 2019, this court granted summary judgment in favor of defendant and dismissed plaintiff's Americans with Disabilities Act ("ADA") claims, due to the fact that the record evidence established that the defendant never had as many as 15 employees at all relevant times, and thus was not a covered employer under the ADA. The court also found that more time for discovery was not necessary, because subsequent to the filing of the motion, defendant had responded to all outstanding discovery. Plaintiff now moves for new trial/reconsideration arguing, as he did in response to the motion for summary judgment, that inter-related entities controlled by Chintu "Mike" Patel did include over 15 employees in the aggregate,[1] and alternatively, that he should be allowed to

---

[1] In determining the number of employees of a business, separate business entities can be treated as a single employer for purposes of anti-discrimination suits when there is an "(1)

conduct more discovery on this issue.

## DISCUSSION

*Rule 59(e) Reconsideration*

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The United States Court of Appeals for the Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); see also FED. R. CIV. P. 59(e). Because plaintiffs filed the instant motion on December 30, 2019, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Basinkeeper v. Bostick, 663 F. App'x 291, 294 (5th Cir. 2016)(quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" Berezowsky v. Rendon Ojeda, 652 F. App'x 249, 251 (5th Cir.

---

interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." Trevino v. Celanese Corp., 701 F.2d 397, 404 (5th Cir.1983) (citations omitted). "Courts applying this four-part standard in Title VII and related cases have focused on the second factor: centralized control of labor relations." Id. (citations omitted).

2016) (quoting <u>Demahy v. Schwarz Pharma, Inc.</u>, 702 F.3d 177, 182 (5th Cir. 2012)). Because Rule 59(e) has a "narrow purpose," the United States Court of Appeals for the Fifth Circuit has "observed that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" <u>Id.</u> (quoting <u>Templet v. HydroChem Inc.</u>, 367 F.3d 473, 479 (5th Cir. 2004)). Thus, "a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" <u>Id.</u> (quoting <u>Templet</u>, 367 F.3d at 479).

*Application to Facts of Case*

In the instant case, the court granted summary judgment based on its finding that defendant had come forward with evidence that established that the defendant did not have 15 employees at any relevant time. This evidence included the affidavits of the prior (now deceased) and current owner, detailed payroll records for the relevant period, records of the secretary of state, the termination agreement with the defendant's former franchisor, a commercial lease agreement, and discovery responses, all tending to show that defendant never employed 15 employees. Defendant having come forward with this evidence, the burden shifted to plaintiff to produce evidence of the existence of a genuine issue for trial. <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). Plaintiff responded with a his own affidavit, which included a conclusory statement that the entities comprising Carewell employed over 15 employees during the relevant period. Plaintiff also requested more time to conduct discovery. At that time, plaintiff had an outstanding second set of discovery requests and subpoenas. However, prior to the issuance of the court's Order & Reasons, the outstanding discovery was

3

satisfied. Finding that the plaintiff had not met his burden required to defeat summary judgment, and that the outstanding discovery requests had been satisfied, the court granted summary judgment in favor of defendant.

Plaintiff now seeks reconsideration, restating the exact arguments previously made on summary judgment, and referencing the exact exhibits previously submitted. He does not cite to an intervening change in the law, or provide any new evidence. Presumably, his motion seeks to correct a manifest error of law or fact.

The Fifth Circuit has repeatedly held that "self-serving affidavits, without more, will not defeat a motion for summary judgment." Tyler v. Cedar Hill Indep. Sch. Dist., 426 F. App'x 306, 309 (5th Cir. 2011) (citing DIRECTV, Inc. v. Budden, 420 F.3d 521, 531 (5th Cir.2005) (other citations omitted). Moreover, as previously noted, as of the time the prior motion for summary judgment was submitted, defendant had responded to all outstanding discovery, except for that directed to Mardi Gras Motor Home Park, Inc., because that entity was dissolved in 2008 (and for that reason, would not have any payroll records for 2015-17 as requested by plaintiff). Thus, plaintiff still cannot meet his burden to defeat summary judgment, and he has not pointed to any specific, further discovery that would lead to evidence that would defeat summary judgment. Accordingly, the court finds its previous order did not include a manifest error of law or fact, and plaintiff has failed to meet the standard required for relief under Rule 59. Therefore,

**IT IS HEREBY ORDERED** that plaintiff's **Motion for New Trial/Reconsideration** (Rec. Doc. 29) is **DENIED**.

New Orleans, Louisiana, this  29th  day of January, 2020.

                                              **MARY ANN VIAL LEMMON**
                                           **UNITED STATES DISTRICT JUDGE**